**SO ORDERED: October 25, 2007.**

_____

**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WILLIAM J. COURTNEY, ) | CASE NO. 07-70342-BHL-7 |
| SHARA D. COURTNEY ) | |
| ) | |
| DEBTORS. ) | |

## ORDER

The matter comes before the Court on the **United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. § 707(b)(3)**, filed on May 15, 2007. An **Objection to the Motion to Dismiss** was filed on June 14, 2007. The Court held a hearing on July 17, 2007 at which time it granted the parties additional time to file supporting briefs.

11 U.S.C. § 707(b) states in pertinent part:

(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter. . .
(3) In considering under paragraph (1) whether the granting of relief would be an abuse of

> the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider –
> (A) whether the debtor filed the petition in bad faith; or
> (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

Section 707(b) applies only to debtor's whose debts are primarily consumer. It is undisputed that the debts listed on the Courtneys' petition were primarily consumer. However, after surrendering two cars, an ATV, and selling a piece of real estate, the debts sought to be discharged are no longer primarily consumer. The U.S. Trustee argues that, for purposes of § 707(b), debts are characterized as "primarily consumer" as they are listed on the petition, as opposed to the actual debts discharged.

The Ninth Circuit Court of Appeals addressed the issue of whether a court should look at the debts to be discharged in determining whether a debtor has primarily consumer debts. It held that to do so would, essentially, be rewriting the statute.

> Given the plain words of the statute, we cannot conclude that Congress meant "primarily consumer debts" to refer only to those debts sought to be discharged rather than the aggregate debts listed on the bankruptcy schedules.

*In re Price*, 353 F.3d 1135 (9th Cir. 2004). This Court agrees with the logic in *Price* and holds that the classification of debt as "primarily consumer" occurs at the time the petition is filed, and by reference to the debts listed on the bankruptcy schedules.

Since §707(b) does apply in the present matter, the Court must look at whether the totality of the circumstances of the debtors' financial situation demonstrates abuse. Although the Court must look to the filing date to determine the character of debts, it is not held to that same time frame when determining the totality of the circumstances. There have been many changes in the Courtneys' financial situation since the filing of the petition. The Courtneys' have, for

instance, surrendered two automobiles and an ATV, as stated hereinabove. They are also trying to sell a piece of real estate in Kentucky, which will affect the refinancing of their home in Indiana. Ms. Courtney has had a series of temporary jobs, but nothing permanent. Based upon the foregoing, the Court finds that the totality of the circumstances is currently in a state of flux and therefore cannot determine the feasability of a Chapter 13 plan.

Therefore, the debtors are hereby ordered to file amended Schedules I and J, as well as a proposed Chapter 13 plan within twenty (20) days of the date of this order. The **United States Trustee's Motion to Dismiss** is held in abeyance pending the filing of the aforementioned documents.

IT IS SO ORDERED.

# # #

Distribution:

Office of the U.S. Trustee
101 West Ohio Street, Suite 1000
Indianapolis, IN  46204

Andrew Dennis Thomas
2906 First Ave.
Evansville, IN  47710

R. Stephen LaPlante
915 Main Street, Suite 100
P.O. Box 3556
Evansville, IN  47734